**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case Number:_____-CIV-_____

**NORMA O. GAZONNI**,

    Plaintiff,

**v.**

**SONIC RESTAURANTS LLC.**,
a Foreign Limited Liability Company,

    Defendant.

_____/

**COMPLAINT FOR PERMANENT INJUCTIVE RELIEF**

Plaintiff Norma O. Gazonni ("Plaintiff "or "Gazonni"), by and through undersigned counsel, sues Defendant sues Defendant, **SONIC RESTAURANTS LLC**, a foreign for profit corporation, d/b/a SONIC (hereinafter referred to as "SONIC"), for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reader software to speak website content using her computer or

cellphone.   Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

4. Defendant's website https://sonicdrivein.com/ (the "Website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in SONIC RESTAURANTS LLC ("Defendant" or "SONIC") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Defendant's failure to design, build, maintain, and operate its https://sonicdrivein.com to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical restaurants and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's website is a point of sale for the Defendant physical restaurants. The Defendant's e-commerce platform (https://sonicdrivein.com / the "Website") allows meals order for delivery and pickup at the restaurant.

7. The Defendant owns and operates the Website for desktop and mobile application for e-commerce as well as several restaurants that are located in Florida.

8. Because Defendant is a restaurant open to the public, each of Defendant's physical restaurant is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(B), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Norma Gazonni, a blind woman, residing in Miami, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

11. Plaintiff cannot use her computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

12. Said Defendant entities will hereinafter collectively be referred to as "SONIC RESTAURANTS LLC" or, where appropriate, "Defendant."

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used hundreds of websites. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

14. Plaintiff visited the Website from her home and on her mobile device for the purpose of locating Defendant's nearest physical restaurant, reviewing Defendant's menu, comparing product prices, placing online order for pickup at the physical restaurant. One of the Website's functions is to provide the public with information regarding Defendant's physical restaurant locations through a restaurant-locator feature. Another function of the Website is to

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

serve as a point of sale for Defendant's menu-meals and to allow users to browse and place online order for pickup at the Defendant's physical restaurants.

15. After due diligence, Plaintiff was informed that there is a SONIC restaurant near Plaintiff's home, at 2660 NW 199th St, Miami Gardens, FL 33056.

16. This action arises from Defendant's ongoing operation of its business in a manner that effectively excludes individuals who are visually impaired, including Plaintiff, from full and equal access to Defendant's physical restaurant locations and its e-commerce website ("Website"). The Website allows users to place a to go order or pick up a meal. The Defendant's website is an integrated extension and gateway to those physical restaurant locations, where the Website is inextricably linked to, and has a direct nexus with, Defendant's restaurant locations, serving as a vital point of access to the meals, services, privileges, and advantages Defendant offers to the general public.

17. Because the public may view and purchase Defendant's goods through the Website, goods that are also offered for sale in Defendant's physical restaurants—the Website functions as a point of sale for Defendant's products, facilitates in- restaurants pickup of meals purchased online, and provides benefits for use both online and in the physical restaurants. Accordingly, the Website operates as an extension of, and gateway to, Defendant's brick-and-mortar locations, which are places of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(B).

18. Because Plaintiff is legally blind, she plans outgoing trips in advance and relies on websites to shop and place online meals orders  for pickup or delivery available to sighted customers, including restaurant's location, restaurants hours, check the menu, pricing, and schedule pick up time. On or about June 20, 22, 24, 25,26, 27, 29. 30, 2026, Plaintiff attempted to

access Defendant's Website using NVDA Microsoft screen-reader in order to order from Defendant's nearest physical restaurants and an place online meal order for pickup, before arranging transportation to the restaurant. During those visits, Plaintiff was unable to independently locate the restaurants information and place online order she needed because the Website was not fully readable or navigable with screen-reader software.

19. Plaintiff specifically intended to patronize Defendant's physical restaurant located in Miami Gardens, which is near Plaintiff's residence in Miami. Plaintiff attempted to use the Website to place online order, confirm the restaurant hours, review Defendant's menu, compare prices.

20. Plaintiff has previously visited one of Defendant's physical restaurant with friends. That prior visit familiarized Plaintiff with Defendant's menu and reinforced Plaintiff's interest in patronizing Defendant's restaurant. Plaintiff remains interested in patronizing Defendant's physical- restaurant and purchasing Defendant's meals but she has been impeded from doing so on equal terms with sighted customers because she cannot independently use Defendant's Website to locate Defendant's nearest restaurants, review restaurants' information, place online order, compare pricing, and plan a visit to the restaurant in the next 30 days, but the barriers Plaintiff encountered on Defendant's Website have impeded Plaintiff's full and equal enjoyment of the goods and services offered at Defendant's brick-and-mortar restaurants.

21. Before visiting Defendant's physical restaurants, Plaintiff needs to review the restaurant online because, as a visually disabled individual, Plaintiff plans outings in advance and relies on accessible website information to determine where the restaurants is located, the menu items available, whether it is open, and place online order for pickup. Without access to

that information, Plaintiff cannot plan her shopping trip in the same manner as sighted members of the public.

22. As a result of the Website's accessibility barriers, Plaintiff was unable to effectively use the Website to locate Defendant's restaurants, check the menu and place online order for pickup, create an account, sign up for Defendant's electronic communications, and determine. These are services, privileges, and advantages connected to Defendant's physical restaurants and available to sighted customers through the Website.

23. Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website to place an online order for pickup, to sign up to receive exclusive online offers, benefits, invitations, and discounts for use both in the physical restaurants.

24. Plaintiff intends to return to Defendant's Website and to patronize Defendant's physical restaurant in 30 days and including during Defendant's seasonal promotions. Plaintiff intends to use the Website again to place online order, compare meal pricing and quality, and plan restaurant pickup, but Plaintiff remains deterred from doing so because of the accessibility barriers described herein. Plaintiff's intent to return is real, immediate, and concrete, and not merely hypothetical or someday.

25. Unless Defendant is required to eliminate the access barriers at issue and adopt policies, practices, and procedures to ensure that those barriers do not reoccur, Plaintiff will continue to be denied full and equal access to Defendant's Website and will continue to be deterred from using the Website to plan and complete a visit to Defendant's physical restaurant. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

26. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

27. Defendant has shops in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

28. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a SONIC restaurant near her area.

29. Plaintiff is a resident of Miami, zip code FL 33145, she is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

30. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

31. Defendant is subject to personal jurisdiction in this District. Defendant has committed, and continues to commit, the acts and omissions alleged herein within the Southern District of Florida, causing injury to Plaintiff and violating rights secured by the Americans with Disabilities Act ("ADA"). A substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District. On multiple occasions, Plaintiff has been denied the full and equal use and enjoyment of Defendant's goods, services, and facilities offered through its Website while in Florida. The access barriers encountered on Defendant's Website have repeatedly deprived Plaintiff of full and equal access and now deter Plaintiff, on a regular basis, from attempting to access Defendant's Website. Defendant SONIC RESTAURANTS LLC is authorized to do business in the State of Florida and is, in fact, conducting business within the State and within the jurisdiction of this Court.

## THE PARTIES

32. Plaintiff, Norma Gazonni, is a resident of the State of Florida. Plaintiff resides in Miami. Gazonni is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed 19 years ago with retinitis pigmentosa in both eyes by Bascom Palmer Eye Institute. Retinitis Pigmentosa ("RP") is a progressive, degenerative genetic disorder that causes a continual decline in visual function. As a result of this condition, she is now legally blind, and her visual impairment is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

33. Plaintiff cannot use the computer without the assistance of a screen reader software. Gazonni is a proficient user of the NVDA and Voiceover screen-reader to access the internet." NVDA (Windows' screen reader) and Voiceover (IPhone's screen reader) are the most popular screen reading software. For screen-reading software to function properly, website content must be capable of being converted into text that the screen reader can then audibly convey to the user.

34. SONIC RESTAURANTS is a Foreign Limited Liability Company. Defendant is the owner and operator of several restaurants under the brand name SONIC. Defendant produces and distributes meals and burgers to its restaurants in Florida.

35. Upon information and belief, at all times material hereto, Defendant SONIC RESTAURANTS LLC owns, controls, and/or manages the day-to-day affairs of SONIC restaurants

8

which are operating within the State of Florida. Defendant's restaurants are public accommodations pursuant to 42 U.S.C. § 12181(7)(B).

36. Plaintiff believes, and thereon alleges, that defendant corporate and affiliates and/or related entities, actively engaged in the sale of apparel in various states throughout the country, including Florida.

## FACTS

37. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery, restaurant, bar," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(5).

38. Each of Defendant's restaurants are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "A restaurant," as defined by 42 U.S.C. §12181(7)(B); §12182, and 28 C.F.R. Part 36.

39. SONIC restaurant offer fast-food burgers for sale to the general public.

40. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates her web pages, including image and data content. The defendant owns and operates https://sonicdrivein.com for desktops and mobile devices.

41. Defendant's Website is not merely informational; it functions as a point of sale and as an integrated gateway to Defendant's physical restaurants. Through the Website, customers can place online order to Defendant's restaurants, review menu details and pricing, locate the nearest restaurant, and purchase meals online for pickup or delivery. Because these restaurants' connected functions were inaccessible to Plaintiff through screen-reader software, Plaintiff was impeded from using the Website in the same manner as sighted customers to prepare for and

complete a visit to Defendant's physical restaurant. Specifically, Plaintiff could not independently place online order for pickup at the Defendant's restaurant,  before going to the restaurant, determine whether the menu items of interest justified the trip. As a result, the Website's inaccessibility operated as an intangible barrier that impeded Plaintiff's ability to visit and patronize Defendant's physical restaurant and denied Plaintiff full and equal enjoyment of the goods, services, privileges, and advantages offered there.

42. During attempts to access Defendant's Website using NVDA screen-reader software on a computer for Windows, and VoiceOver on a mobile device, including on or about June 20, 22, 24, 25,26, 27, 29. 30, 2026, and she will try to visit the website again in 30 days or when the website is fixed and accessibility violations removed. Plaintiff visited the Website in preparation for visiting Defendant's physical restaurant. Plaintiff attempted to use the Defendant's Website, confirm restaurant's information, review Defendant's menu, compare pricing, and determine whether she could order online for pickup at the  physical restaurant. Because the Website was incompatible with screen-reader software, Plaintiff was unable to independently order from the menu an pickup at the restaurant. Plaintiff encountered barriers that are persistent and include, but are not limited to:

a. **Non-Text Content (WCAG 2.1, Success Criterion 1.1.1 , 4.1.1.1, 4.1.2- Name, Role, Value)** – The Website's images lack meaningful alternative text ("ALT" attributes). Screen-reading software relies on ALT text to convey image content to users with visual disabilities. On the product page, the images is announced merely as "image blank and number", another image is announced as trademark. Should be a description of the image. (video 2 ). The banner on the landing page is not announced. (video 2).

10

b. **Added to Cart- Name, Role, Value -Focus Visible WCAG 2.1 Success Criterion 2.4.7** – On the product page when Plaintiff "add to cart" the website does announce "added to cart", instead nothing is announced. (video 1).

c. The **"Schedule for Later"** button is inaccessible because activating it does not open or announce the scheduling options to the screen reader. Focus remains on the background page, so blind users cannot access or complete the scheduling process. This violates **WCAG 2.1 SC 2.1.1 Keyboard, 2.4.3 Focus Order, 4.1.2 Name, Role, Value, and 1.3.1 Info and Relationships**. (video 3).

d. Keyboard-only **navigation** is inaccessible because focus moves only between links and skips important non-link content, including discount information and other relevant details. As a result, screen-reader users do not hear key promotional or transactional information needed to understand the page and make informed decisions. This violates WCAG 2.1 SC 1.3.1 Info and Relationships, 2.4.3 Focus Order, and 2.1.1 Keyboard, because important content is not exposed in a meaningful reading order and cannot be accessed through keyboard navigation. (video 4).

e. **Keyboard Navigation and Focus Order (WCAG 2.1, Success Criterion 2.4.3 and 2.4.7)** – When navigating with a keyboard, the focus order skips essential interactive elements, buttons and control. The absence of programmatic focus prevents keyboard-only users from understanding the purchase process. When the quantity is increased (one to two), the Website does not announce  the new quantity (two). (video 1).

f. **Store Locator** - Locations Page / Store Locator Accessibility Barrier – WCAG 2.1 Success Criteria 1.3.1, 2.1.1, 2.4.3, and 4.1.2. On the Locations page, keyboard focus is improperly directed to the map instead of the search-location input field. After "Miami" is entered, location results appear visually, but the screen reader does not announce the store names,

addresses, or hours. Instead, focus moves directly to buttons such as "Favorites," "More information," and "Order here," without identifying which location each button relates to. This prevents blind users from understanding or using the store locator and violates WCAG requirements for programmatic relationships, keyboard access, meaningful focus order, and accurate name, role, and value. (video 5).

g. Defendant has implemented an accessibility **overlay** by Level Access for users to download, this plugin does not correct these usability failures. The overlay's full functionality also requires users to download and install software on their computer (Plaintiff does not want to download additional software, there is also a computer memory requirement that is not available nor time to learn a new widget). Defendant cannot cure inaccessible website design by requiring blind users to locate, download, install, configure, and learn a separate accessibility widget or overlay before they can obtain basic access to the Website. Accessibility must be built into the Website itself, not shifted onto disabled users as an additional burden. A sighted customer can visit https://sonicdrivein.com and immediately browse products, read descriptions, locate restaurants, and complete transactions without installing special software. Plaintiff and other blind users should not be required to take extra steps, use unfamiliar third-party tools, or modify their devices merely to receive the same information and functionality. Requiring blind users to download, learn, and operate a separate accessibility widget for each website is not a meaningful accommodation. It shifts the burden of access from the business to the disabled user. The Defendant is aware that its Website has inaccessible source code but took a shortcut instead of correcting the source code.

Check the screen capture recording of the Website violations:

Quantity, add to cart
https://drive.google.com/file/d/16sX-BI2zjoHJN_sDo6gE7lBKacgpdQy1/view

image-no alt – banner not announced
https://drive.google.com/file/d/1PHbTTUzjLAHdjrNRTeHHEx_s9P8PQOK_/view

12

pick up later
https://drive.google.com/file/d/1A-meO44JTNLTGcZXko6MNfB1gAo4P-VA/view

links
https://drive.google.com/file/d/1WDX7yg1itNM-E1U1NRLcCptjBZxhLDlt/view

store locator
https://drive.google.com/file/d/14tANJ0uoBNXwKglGv6Ej51haf2ONWmxp/view

43. Because Defendant's Website serves as a point of sale connected to Defendant's physical restaurants, and not merely as a source of general information, its inaccessibility directly impeded Plaintiff's ability to visit and patronize Defendant's physical restaurant. The Website allows sighted customers to place online order for pickup at a restaurant location, review the menu, compare prices. Plaintiff, however, could not independently place an online order with screen-reader software. Without equal access to those point-of-sale features, Plaintiff was unable to assess before traveling, determine whether a trip to the restaurant was worthwhile, or complete a placing online order for pickup on the Website. In this way, the inaccessible Website created an intangible barrier to Plaintiff's use and enjoyment of Defendant's physical restaurant.

44. Plaintiff's inability to access the restaurants and product information on the Website precluded Plaintiff's ability to patronize Defendant's restaurant because, as a blind individual, Plaintiff must plan outings in advance, including identifying the destination, arranging transportation, and placing goods and services justify the trip. Without equal access to the Website, Plaintiff could not make those preparations in the same way as sighted customers.

45. Because Defendant's Website is inaccessible to screen-reader software, Plaintiff could not determine which restaurants were open in her area, view accurate product pricing, purchase SONIC burgers for in-restaurant pickup, access special discounts, register an account, and complete an online transaction. This inaccessibility impeded Plaintiff's ability to plan a visit, place

13

online order from the menu, and otherwise benefit from services that are integrated with, and privileges of, Defendant's physical restaurants. The Website's inaccessibility denied Plaintiff meaningful access to the goods and services of Defendant's brick-and-mortar locations and, unless remedied, will continue to deter her from visiting those locations.

46. Plaintiff was unable to find an Accessibility Statement or notice to assist her navigate the Defendant's website. During due diligence an expert was consulted and found innumerous unique issue-barriers under the WCAG=World Content Accessibility Guidelines, just in one page of the website, this website contains hundreds of code-lines that are incompatible with screen-readers, thus inaccessible to Plaintiff.

## AMERICAN WITH DISABILITIES ACT

47. The failure to access the information needed precluded Plaintiff's ability to patronize Defendant's restaurants because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

48. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

49. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "restaurant and bar" Id. § 12181(7)(B). Defendant owns and operates restaurants, SONIC.

50. The Department of Justice issued "Web Accessibility Guidance" under the Americans with Disability Act. The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility.

51. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

52. The access barriers Plaintiff encountered on Defendant's Website caused Plaintiff a past injury by preventing her from independently obtaining the information she needed to plan a visit to Defendant's physical-restaurants and from placing online order for pickup on equal terms with sighted users. Those same barriers continue to deter Plaintiff from using Defendant's Website and from patronizing Defendant's physical- restaurant unless and until the Website is made accessible.

53. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities," when the website has a nexus with the physical restaurants.

54. Because Plaintiff could not access and comprehend Defendant's Website in a manner substantially equivalent to sighted users, Plaintiff was denied full and equal access to Defendant's restaurant-related information, goods, and services, and was subjected to frustration, humiliation, and unequal treatment. These access barriers caused Plaintiff concrete and

15

particularized injury in fact, denied Plaintiff equal access on multiple occasions in the past, and continue to regularly deter Plaintiff from accessing Defendant's Website.

55. Plaintiff would like to become Defendant's patron and access the Defendant's physical restaurant and the Website in the near future when the Defendant's website is accessible and Plaintiff can check the menu and order online.

56. Plaintiff cannot make proper arrangements for transportation to Defendant's physical- restaurant without being able to know in advance, through the Website, the location of the restaurant, relevant restaurant information, and the meals and services offered there. Because Plaintiff could not independently access that information through the Website, Plaintiff was effectively prevented from confidently planning and undertaking a visit to Defendant's physical-restaurant.

57. Plaintiff will suffer continuing and ongoing harm unless Defendant is enjoined because Plaintiff expects to return to Defendant's Website on an ongoing basis in connection with future online orders or when the accessibility barriers are removed. Plaintiff usually prefers to order from the website before visiting physical restaurants, and intends to do so again with respect to Defendant's Website and Defendant's physical restaurant. Yet, because the Website remains inaccessible to Plaintiff on equal terms with sighted users, Plaintiff remains deterred from using the Website to review menu, compare pricing, and plan and complete a visit to Defendant's physical restaurant.

58. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

59. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

60. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

61. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

62. Plaintiff has retained the law office of Brasil & Brasil P.A.- Lorena Brasil, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant SONIC.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

63. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

64. As set forth above, and pursuant to 42 U.S.C. § 12181(7)(B), Defendant is a public accommodation under the ADA because it owns and/or operates the Website, which falls within the definition of § 12181(7)(B). As such, Defendant is subject to the requirements of the ADA and has failed to ensure effective communication with individuals with disabilities.

65. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of

individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

66. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

67. Unlawful discrimination includes failing to provide necessary auxiliary aids and services to ensure individuals with disabilities are not excluded, denied services, or treated differently, unless doing so would fundamentally alter the offering or impose an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

68. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

69. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

70. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gazonni injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the

18

Defendant's Website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website through the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating Defendant's restaurants and place online order on the Defendant's online menu, and of viewing webpages provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

d) Plaintiff seeks injunctive relief requiring accessible communication, policy and procedure changes, employee accessibility training, and bi-monthly website maintenance so individuals with visual disabilities can access Defendant's restaurants, meals, and purchasing services.

e) Plaintiff seeks an Order requiring Defendant to provide appropriate auxiliary aids and services so that individuals with visual disabilities can effectively access, navigate, and communicate through Defendant's Website in connection with Defendant's physical restaurants.

f) Plaintiff is entitled to recover reasonable attorney's fees, costs, and expenses. Plaintiff has retained the undersigned counsel to prosecute this action and has agreed to pay a reasonable fee for such legal services.

71. For all of the foregoing, the Plaintiff has no adequate remedy at law.

<u>**DEMAND FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Norma Gazonni hereby demands judgment against Defendant "SONIC RESTAURANTS LLC, d/b/a SONIC" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a declaration that Defendant's website is in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant, by a certain date, to remove barriers and continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 5th day of July 2026.


*/s/Lorena Brasil*
Attorney for Plaintiff

Brasil & Brasil, P.A.
Lorena Brasil, Esq.
FBN: 1049012
500 E. Broward Blvd. Suite 900
Fort Lauderdale, Florida 33394
Tel: 954-848-2929
contact@bblawfirmfl.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

/s/Lorena Brasil
Attorney for Plaintiff
Brasil & Brasil, P.A.
Lorena Brasil, Esq.

21